## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT

William Joseph Jenner
Jenner, Pattison, Sutter & Wynn, LLP
Madison, Indiana



FILED

Jun 21 2016, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Ed Mitchell,

*Appellant-Petitioner,*

v.

Keith Smith and Mt. Zion Cemetery,

*Appellees-Respondents*

June 21, 2016

Court of Appeals Case No.
72A05-1510-MI-01810

Appeal from the Scott Circuit Court

The Honorable Roger L. Duvall, Judge

Trial Court Cause No.
72C01-1505-MI-57

**Mathias, Judge.**

[1]     Ed Mitchell ("Mitchell") filed a petition in Scott Circuit Court requesting permission to change his deceased wife's place of interment. Keith Smith ("Smith"), the deceased's father, asked the court to deny Mitchell's petition. The trial court denied the petition, and Mitchell appeals. Mitchell argues that

Smith's consent to his petition to disinter was not required under Indiana Code section 23-14-57-1.

[2] We affirm.

## Facts and Procedural History

[3] Mitchell and his wife, Kimberly, were married in 1985. In January 2014, Kimberly was hospitalized, and she passed away on January 23. Hours before her death, Kimberly was asked if she would like to be buried in her family's plot at Mt. Zion Cemetery in Paynesville, Indiana. Kimberly's father, Smith, offered Mitchell two cemetery lots in the Smith family's burial plot. The parties agree that Kimberly agreed to be buried with her family in Mt. Zion Cemetery.

[4] Mitchell lacked the financial resources to timely purchase a headstone for his wife's grave. He had planned to purchase a dual headstone for himself and his wife to be placed on the two cemetery lots in the Smith burial plot. Smith never transferred ownership of the lots to Mitchell.

[5] In February 2015, Mitchell claims that he arranged to purchase a dual headstone for his wife's grave.[1] However, unbeknownst to Mitchell, a single headstone was purchased by Kimberly's sisters and one of Mitchell and Kimberly's sons and placed on her grave. After Mitchell made this discovery,

---

[1] Mitchell and Kimberly's son sent a letter to the trial court which was "file stamped," and the letter was included in the Appellant's Appendix even though it was never admitted into evidence. In the letter, Mitchell's son stated that Mitchell never attempted to purchase the headstone. Appellant's App. p. 7.

the headstone marking Kimberly's grave was vandalized. Mitchell denied involvement in the act of vandalism, and no charges were filed against him.

[6] Shortly thereafter, Mitchell purchased two burial lots in Franklin Cemetery in Washington County. On May 20, 2015, Mitchell filed a "Verified Petition to Change Place of Interment" in Scott Circuit Court requesting permission to reinter Kimberly's casket and remains in Franklin Cemetery. Mitchell also informed Smith and Mt. Zion Cemetery that he had filed the petition. On June 29, 2015, Smith responded to Mitchell's petition and requested that Mitchell "take nothing by way of [his] Petition and for all other relief just and proper in the premises." Appellant's App. p. 6.

[7] A hearing was held on Mitchell's petition on July 31, 2015. Mitchell testified that Smith and his family had interfered with his ability to visit, care for, and place a headstone on Kimberly's grave. Tr. pp. 13-15. Smith said he would allow Mitchell to put a double headstone on Kimberly's grave and be buried next to her but only if Mitchell would agree that only Mitchell could be buried in the plot next to Kimberly's plot. Tr. p. 21.

[8] On September 25, 2015, the trial court denied Mitchell's petition to change Kimberly's place of interment. Specifically, the court found in pertinent part:

> 3. In the present case, it is clear from the evidence that all parties were agreeable to Kim being buried in the Mt. Zion Cemetery. There were discussions about Kim being buried in the Mt. Zion Cemetery by all the family members including Petitioner and Respondent.

4. The parties, and Petitioner in particular, were able to discuss with Kim her burial in Mt. Zion Cemetery before she passed away. Kim was agreeable to that place of burial. Kim had a brother buried at Mt. Zion Cemetery plus Respondent agreed to make two burial plots available so that in the future, Petitioner could be buried beside his wife.

5. There is no evidence that the initial selection of the burial site was made with reservation. It was made with everyone's agreement. More importantly, Mt. Zion Cemetery is where Kim expected her final resting place to be in those final hours of her life.

6. The wish and expectation of Kim should be respected regardless of the deterioration of the relationship between Petitioner and Respondent.

7. The Petition to Change Place of Interment is denied. In keeping with the original understanding, Respondent is obligated to reserve the second burial plot beside Kim for her husband, the Petitioner's use. That was also what Kim expected at her time of death.

Appellant's App. pp. 8-9. Mitchell now appeals.

## Standard of Review

Smith has not filed an Appellee's brief, and we will not undertake the burden of developing arguments for him. *See Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). Instead, we apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind.

Ct. App. 2006). However, we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Jenkins*, 17 N.E.3d at 352.

## Discussion and Decision

[10] Mitchell argues that the trial court was required to grant his petition under the Disinterment Statute, Indiana Code section 23-14-57-1. The statute provides in pertinent part:

> (a) As used in this section, "removal" or "removed" refers to the disinterment, disentombment, or disinurnment of the remains of a deceased human.
>
> (b) Except as provided in subsection (e) and sections 4 and 5 of this chapter, the remains, either cremated or uncremated, of a deceased human shall not be removed from a cemetery without:
>
> > (1) a written order:
> >
> > > (A) that is issued by the state department of health; and
> > >
> > > (B) that authorizes the removal of the deceased's remains;
> >
> > (2) the written consent of:
> >
> > > (A) the owner of the cemetery; or
> > >
> > > (B) the owner's representative; and
> >
> > (3) the written consent of a person or persons referred to in one (1) of the following clauses, which are listed according to priority:

> (A) The individual who was the spouse of the deceased at the time of the deceased's death.
>
> (B) The surviving adult child of the deceased. . . .
>
> (C) The surviving parent of the deceased. . . .

[11] Mitchell argues that "on the face of this statute, Appellant had the ability to remove his wife's remains so long as he satisfied the above requirements." Appellant's Br. at 7. "However, a person specified in the disinterment statute does not have an absolute right to disinter remains as a matter of law, and rights of others who oppose disinterment may be considered." *Warren v. IOOF Cemetery*, 901 N.E.2d 615, 619 (Ind. Ct. App. 2009), *trans. denied* (citing *Hickey v. Hickey*, 156 Ind. App. 610, 614, 298 N.E.2d 29, 31 (1973)). "'*Once relief is sought in the courts* . . . the right to disinter is within the sound discretion of the trial court.'" *Id.* (quoting *Hickey*, 156 Ind. App. at 614, 298 N.E.2d at 31) (emphasis added). Therefore, whether Mitchell should be permitted to disinter Kimberly over the objection of her father is an issue addressed to the equitable discretion of the trial court. *See id.* at 619. "It is well-established in the United States that disinterment and removal is within the province of equity." *Hickey*, 156 Ind. App. at 614, 298 N.E.2d at 31 (citation omitted).

[12] We observe that Mitchell sought relief in the courts and named Smith as a party in the action. Therefore, we are not persuaded by Mitchell's argument that Smith was required to file an objection to his petition or a request for an injunction. Smith's responsive pleading requests that Mitchell "take nothing by way of" his petition. Appellant's App. p. 6.

Furthermore, in his petition, Mitchell alleged that he "notified Keith Smith and Mt. Zion Cemetery of this Petition." Appellant's App. p. 4. However, Indiana Code section 23-14-57-1 requires a written order from the State Department of Health and written consent of cemetery's owner or representative. Mitchell has not obtained either the order or the consent, and therefore, when he filed his petition to change Kimberly's place of interment, he had not satisfied the requirements listed in Indiana Code section 23-14-57-1.

Because Mitchell has sought relief in the courts, we consider whether the trial court abused its equitable discretion when it denied his petition. Our court has previously considered the following four factors in reviewing trial court orders concerning disinterment:

> (1) whether the initial resting place was made with deliberation and without mental reservation that at some future time removal might be desired; (2) whether there are evidences of antagonism and hostility between the surviving spouse and the owners of the tomb or burial plot such as would prevent the surviving spouse from visiting the grave freely and without embarrassment or humiliation; (3) whether the deceased spouse had evidenced a preference for one location as opposed to another; and (4) whether the disinterment would conflict with the deceased person's religious beliefs.

*See Hickey*, 156 Ind. App. at 615-16, 298 N.E.2d at 32.

In this case, Kimberly chose and expected to be buried in her family's burial plot in Mt. Zion Cemetery. Although Kimberly died hours after making that decision, no evidence indicates that she was not of sound mind when the

decision was made. Importantly, both Mitchell and Smith also agreed to inter Kimberly in the Smith family burial plot at Mt. Zion Cemetery.

[16] The relationship between the Smith family and Mitchell has deteriorated. At least in part, the hostility between the parties is the result of Mitchell's failure to place a headstone on Kimberly's grave. However, at the hearing, Smith agreed that Mitchell could be buried next to Kimberly. Smith also did not object to Mitchell placing a double headstone on the two plots. Smith's overriding concern was that if he transferred the plot next to Kimberly's to Mitchell, that Mitchell might transfer the lot to another person. *See* tr. p. 23.

[17] Our review of the record leads us to conclude that although the parties' relationship has become antagonistic, Mitchell did not establish that Smith has prevented, or will prevent, him from visiting Kimberly's grave. Importantly, Smith agreed to allow Mitchell to be buried next to Kimberly upon his death, if he so desires. This was also Kimberly's expectation at the time of her death. For all these reasons, we conclude the trial court acted within its equitable discretion when it denied Mitchell's "Petition to Change [Kimberly's] Place of Interment."

[18] Affirmed.

Vaidik, C.J., and Barnes, J., concur.