## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE JENKINS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-DR-132 |
| | ) | |
| MARY JENKINS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jeffrey L. Marchal, Commissioner
Cause No. 49D12-1105-DR-20488

**September 16, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Willie Jenkins ("Husband") appeals the trial court's order granting a motion to vacate contempt hearing filed by Mary Jenkins ("Wife"). The sole issue presented for our review is whether the trial court erred when it granted Wife's motion and vacated the hearing without allowing Husband fifteen days to respond to the motion pursuant to local court rule. Concluding that it was not in the interests of justice for the trial court to ignore its rule and grant Wife's motion prior to allowing Husband time for response, we reverse and remand for further proceedings.

## Facts and Procedural History

In October 2012, the trial court issued a decree dissolving the twenty-five-year marriage between Husband and Wife. The dissolution decree provided, in relevant part, that "[c]ertain items of Husband's personal property, such as clothing and business files, remain at the marital residence" and "Wife shall immediately secure any and all items of Husband's personal property and shall deliver these items to husband, via third party, no later than thirty (30) days following the date of this Decree." Appellant's App. at 35. Husband claims that Wife has failed to deliver the items to him and that, despite numerous attempts by him to retrieve the items, several items of his personal property remain in Wife's possession.

On November 27, 2013, Husband filed a petition for contempt and a request for attorney fees and a hearing asserting that Wife continued to disregard the trial court's order regarding the personal property. The trial court set the matter for hearing on February 28, 2014, and instructed Husband to provide the court and Wife with a list of the requested items

2

of personal property. On January 30, 2014, Wife filed a motion to vacate the hearing asserting that she had delivered personal property to Husband, that all pending matters had been resolved, and that the hearing was no longer necessary. Wife's motion contained a statement that she had "contacted opposing counsel's office regarding this pleading and whether he objected to its filing on January 29, 2014; however, counsel has not responded prior to filing." *Id.* at 13. The trial court granted Wife's motion to vacate the hearing the following day on January 31, 2014.

Upon learning that the scheduled contempt hearing had been vacated, on February 4 and 7, 2014, Husband filed his response and objection, requesting the court to restore the hearing, arguing that the trial court erred when it granted Wife's motion to vacate without allowing him fifteen days to respond pursuant to local court rule. The trial court denied Husband's request. This appeal followed.

## Discussion and Decision

We must initially note that Wife did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review. *Spencer v. Spencer*, 990 N.E.2d 496, 497 (Ind. Ct. App. 2013). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *In re Paternity of S.C.*, 966 N.E.2d 143, 148 (Ind. Ct. App. 2012), *trans. denied*. The prima facie error rule relieves this Court of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright*, 782 N.E.2d 363, 366 (Ind. Ct.

App. 2002).  Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required.  *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

Husband contends that the trial court erred as a matter of law when it granted Wife's motion to vacate hearing without first giving him the opportunity to respond as mandated by local court rule.  Our supreme court has noted that "Indiana trial courts may establish local rules for their own governance so long as the local rules do not conflict with the rules established by this Court or by statute."  *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 646 (Ind. 2012) (citing Ind. Code § 34-8-1-4 and Ind. Trial Rule 81).  "As a general matter, local rules are procedural and 'are intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits of the case.'"  *Id.* (quoting *Meredith v. State*, 679 N.E.2d 1309, 1310 (Ind. 1997)).  "Once made, the court and all litigants subject to the local rules are bound by them."  *Id.* However, a trial court should not blindly adhere to all of its rules because in "rare cases, such blind adherence to rigid procedural requirements may defeat justice instead of serving the rules' intended function as a means of obtaining the end of orderly and speedy justice."  *Id.* Still, a trial court should not set aside its own rules lightly and, "before doing so, 'the trial court must assure itself that it is in the interests of justice to do so, that the substantive rights of the parties are not prejudiced, and that the rule is not a mandatory rule.'"  *Id.* (quoting *Meredith*, 679 N.E.2d at 1311).

4

Husband directs us to Marion County Circuit and Superior Courts Civil Rule LR49-TR5-203 titled "Requirements for Motions." Subsection A of that rule provides in pertinent part that "all motions filed with the court shall include a brief statement indicating whether opposing party(ies) object to or approve of the granting of said motion." LR49-TR5-203(A). "If the statement regarding the position of the opposing party(ies) required under subsection A herein indicates that objection to the granting of said motion may ensue, said objecting party shall have 15 days from the date of filing to file a response to said motion." LR49-TR5-203(B).

Given that the term "shall" is incorporated into LR49-TR5-203(B), it appears that the allowance of a fifteen-day response period is mandatory should there be any indication that an objection to the granting of a motion by the opposing party may ensue. *See Spencer v. Spencer*, 990 N.E.2d 496, 497 (Ind. Ct. App. 2013) (use of word "shall" connotes a mandatory as opposed to a discretionary import). Regarding such objection, the phrase "may ensue" implies that the decision to object is solely at the discretion of the opposing party. *See City of S. Bend v. Dollahan*, 918 N.E.2d 343, 351 (Ind. Ct. App. 2009) (use of the term "may" ordinarily connotes discretion), *trans. denied* (2010). Wife's motion to vacate contained only a statement that she had "contacted opposing counsel's office" to inquire as to "whether he objected" to the motion, but that Husband's counsel simply had "not responded prior to filing." Appellant's App. at 13. There is no indication in this statement that Husband approved of or agreed with the granting of the motion. Instead, from this statement, it was equally as likely that Husband would choose, in his discretion, to object to the motion.

5

Accordingly, because it was evident that an objection to the granting of said motion may ensue, the trial court erred when it granted Wife's motion and vacated the hearing without permitting Husband fifteen days to file a response.

This is not one of those rare cases where the trial court's adherence to its own procedural rule would defeat justice instead of serving as a means of obtaining orderly and speedy justice. Therefore, the trial court should have followed its own rule, and its failure to do so was error as a matter of law. We reverse the trial court's order vacating the hearing and remand for further proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J., and MATHIAS, J., concur.