## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 20 2016, 10:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Robert C. Becker
Richards, Boje, Pickering,
Benner & Becker
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. Lunsford,<br>*Appellant-Defendant,*<br><br>v.<br><br>Laurie (Lunsford) Knight,<br>*Appellee-Plaintiff* | January 20, 2016<br><br>Court of Appeals Case No.<br>29A02-1503-DR-198<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable David K. Najjar,<br>Special Judge<br><br>Trial Court Cause No.<br>29D02-0609-DR-934 |

**Mathias, Judge.**

[1] The marriage of Robert Lunsford ("Husband") and Laurie (Lunsford) Knight ("Wife") was dissolved in the Hamilton Superior Court in 2007. In 2011, Wife filed an affidavit for contempt citation because she did not receive payment as

agreed under the parties' settlement agreement and subsequent agreed entry. The trial court did not find Husband in contempt but found that Husband owed Wife money under the agreements and that he was entitled to a $104,000 credit. The trial court did not issue an order until 2014 after Wife filed a motion to reduce to judgment. The court ordered Husband to pay Wife $896,000 under the parties' settlement agreement and agreed entry. Husband filed a motion to correct error, which the trial court denied. Husband now appeals and raises the following two issues, which we restate as:

I. Whether the trial court erred in entering a post-dissolution judgment against Husband for proceeds from the sale of real estate when the real estate at issue sold at sheriff's sale in foreclosure, rather than through a sale by Husband to a private, third party; and,

II. Whether the trial court erred in entering a post-dissolution judgment against Husband for a contingent payment to be made to Wife if Wife received bi-weekly psychological treatment, when she failed to provide proof of that treatment.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

[2] On September 7, 2007, Husband and Wife's marriage was dissolved in Hamilton Superior Court. The parties' decree of dissolution incorporated a final settlement agreement. The relevant part of the settlement agreement provides:

> 9. To effectuate an equitable distribution of the marital estate, Husband shall pay Wife the sum of $500,000 upon the sale of the Schulley Road real estate. In addition, Husband shall pay Wife

the sum of $100,000 per year for five years, with the first payment on or before November 15, 2007, and annually thereafter until paid in full. In the event that Husband fails to pay the amounts set forth above, Wife can request that Husband's business interests be sold in order to satisfy the financial obligations set forth in this paragraph.

Appellant's App. p. 22.

[3] The parties modified the settlement agreement with an agreed entry on March 25, 2008, which in part provides:

2. Pursuant to paragraph #9 of the Final Settlement Agreement incorporated in the Decree of Dissolution, respondent was obligated to pay petitioner the sum of $100,000 per year for five years. With respect to the $100,000 due in 2008, said obligation shall be satisfied whereby respondent shall pay the sum of $4,000 per month commencing on April 15, 2008, and monthly thereafter with the balance of $68,000 to be paid on November 15, 2008. Said payments are contingent upon the petitioner obtaining treatment with a psychologist on a biweekly basis until November 2008. Petitioner shall sign a release with her treating psychologist so that the respondent can verify treatment. Petitioner is not obligated to release any of her mental health records other than that she is being treated. In the event the respondent fails to pay the amount set forth above, petitioner can stop seeing a psychologist and she can seek to obtain a judgment for any unpaid amounts.

Appellant's App. pp. 26-27.

[4] On January 26, 2011, Wife filed an affidavit for contempt citation alleging that Husband had not paid her $500,000 upon the sale of the Schulley Road real

estate[1] and that Husband had only paid $104,000 toward his obligations outlined in the settlement agreement and subsequent agreed entry. The trial court held a contempt hearing on March 28, 2011, and concluded that Husband was not in contempt but that Wife was "entitled to judgment in the unpaid amounts, in the amounts that were to be paid but not have been paid given [sic] Mr. Lunsford credit for $104,000.00 in payments." Tr. p. 22. The trial court did not enter a judgment in favor of Wife following the hearing.[2]

[5] On March 21, 2014, Wife filed a motion to reduce to judgment because no written order had been entered after the March 28, 2011 hearing. The trial court held a hearing on September 23, 2014, and issued a judgment on October 13, 2014, for $896,000[3] against Husband for unpaid obligations under the parties' settlement agreement and agreed entry. Husband filed a motion to correct error on October 30, 2014, which the trial court subsequently denied. Husband now appeals.

---

[1] Sometime after the entry of the parties' decree of dissolution and final settlement agreement on September 7, 2007, and before the hearing on Wife's contempt petition on March 28, 2011, the Schulley Road real estate referred to in Paragraph 9 of the parties' final settlement agreement was foreclosed and sold at a sheriff's sale.

[2] It is not entirely clear why the trial court did not enter a judgment after the March 28, 2011, hearing. Based on the transcript, it appears that Wife's proposed order that was submitted to the court was marked with a post-it-note labeled, "Hold." Tr. p. 30.

[3] The trial court's judgment included the amount owed to Wife by Husband upon the sale of the Schulley Road real estate, the 2008 contingent payment for which Wife was required to provide verification of bi-weekly psychological treatment, and the remaining three $100,000 payments Husband agreed to pay Wife in the settlement agreement.

## Standard of Review

We must first note that Wife did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.* at 351-52. The prima facie error rule relieves our court from the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright*, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). We are still obligated to correctly apply the law to the facts in the record to determine whether reversal is required. *Jenkins*, 17 N.E.3d at 352.

## Discussion and Decision

Husband argues that the trial court erred in entering a judgment against him that included payment to be made to Wife upon the sale of real estate when the real estate was not sold. Husband also argues that Wife was required to obtain bi-weekly psychological treatment to receive the 2008 payment, but she failed to provide proof of treatment. Specifically, Husband contends that the trial court did not consider the plain and ordinary meaning of the parties' settlement agreement and subsequent agreed entry when it entered its judgment in favor of Wife.

[8] When dissolving a marriage, parties are free to negotiate their own settlement agreements and may incorporate those into a dissolution decree. Ind. Code § 31-15-2-17. The settlement agreements then become binding contracts and are interpreted according to the general rules of contract construction. *Shorter v. Shorter*, 851 N.E.2d 378, 382-83 (Ind. Ct. App. 2006).

[9] Unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. *Id.* at 383. Clear and unambiguous terms in the contract are deemed conclusive, and when they are present we will not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions. *Id.* Terms are not ambiguous merely because the parties disagree as to the proper interpretation of those terms. *Id.* However, any ambiguity in a contract is construed against its drafter. *Barney v. StoneMor Operating LLC*, 953 N.E.2d 554, 558 (Ind. Ct. App. 2011).

[10] Our supreme court has determined that the dissolution court that enters a property settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and thus retain jurisdiction to interpret the terms of their property settlement agreements and to enforce them. *Shorter,* 851 N.E.2d at 383. Nonetheless, interpretation of a settlement agreement, as with any other contract, presents a question of law, and we review it de novo. *Bailey v. Mann*, 895 N.E.2d 1215, 1217 (Ind. 2008).

*A. The Schulley Road Real Estate*

Husband argues that the trial court did not consider the plain and ordinary meaning of the parties' settlement agreement which provides, "Husband shall pay Wife the sum of $500,000 upon the sale of the Schulley Road real estate." Appellant's App. p. 22. Husband testified at the March 28, 2011 hearing that the Schulley Road real estate was foreclosed, and he obtained no proceeds from the sale. Tr. p. 16. Husband also testified that the property was sold at a sheriff's sale. Tr. pp. 10, 16.

In considering the plain and ordinary meaning of this provision, it specifically states, "upon the sale of the real estate." Wife reasonably expected to receive $500,000 when the real estate sold. Even though the real estate was sold at a sheriff's sale that produced no proceeds for Husband, a sale still occurred. If Husband only intended to pay Wife if the sale produced net proceeds to him, then the agreed entry could have included that in the language of the provision. Husband had the opportunity to ensure that his interests were protected in the agreed entry because his attorney drafted both the settlement agreement and the agreed entry.[4] As a result, any ambiguity is construed against Husband.

This result is also contemplated by the provision in the settlement agreement that allows Wife to seek the sale of Husband's business assets if Husband fails to pay Wife $500,000 upon the sale of the Schulley Road real estate or if he fails

---

[4] Wife consented to be unrepresented by counsel in signing the settlement agreement and agreed entry.

to pay his $100,000 per year obligation to Wife. Therefore, the plain language of the agreement establishes Husband's intent to pay Wife regardless of any profit or monetary gain the real estate sale generated. For all of these reasons, the trial court did not err in concluding that a sale of the Schulley Road real estate occurred and in including $500,000 in its judgment in favor of Wife.

*B. Contingent Payment Based on Wife's Psychological Treatment*

Husband also contends that the trial court erred in not applying the plain and ordinary meaning to the 2008 contingent payment provision. Husband agreed to pay Wife $4,000 per month beginning in April 2008 with the remaining $68,000 to be paid in November 2008, as long as Wife obtained verifiable bi-weekly treatment with a psychologist until November 2008.[5] Although Husband contends that the court erred in interpreting the parties' agreement, he specifically focuses on the fact that Wife never provided verification for her psychological treatment in 2008.

The March 28, 2011, contempt hearing was clearly set to hear evidence on Husband's liability for the $500,000 payment and to establish the extent of his liability on the $100,000 per year payments, one of which was contingent on proof of Wife receiving psychological counseling. However, the record discloses no evidence presented showing that Wife had obtained psychological treatment

---

[5] The parties' settlement agreement provided that Husband pay Wife $100,000 for five consecutive years. The agreed entry only modified the 2008 payment. Husband does not dispute the amounts owed in 2009, 2010, and 2011 payments on appeal, so we will not address them here.

as provided in the parties' agreed entry. Neither party even mentioned that the 2008 payment was contingent on Wife obtaining verifiable bi-weekly psychological treatment during the hearing. It was not until the September 23, 2014, hearing on Wife's motion to reduce to judgment that Husband argued that he did not owe Wife $100,000 for 2008 because she failed to provide verification of psychological treatment.[6]

[16] Nonetheless, because Wife filed her affidavit for contempt and set the March hearing, she had the burden to establish at that hearing that she was entitled to a judgment that included the 2008 payment by providing verification of her psychological treatment. "The burden of proof is normally allocated to a party-plaintiff initiating a proceeding and seeking relief." *Washington Twp. Fire Dep't v. Beltway Surgery Ctr.*, 911 N.E.2d 590, 596 (Ind. Ct. App. 2009), *trans. granted*, *opinion vacated* (Feb. 24, 2010), *opinion adopted sub nom*, *Washington Twp. Fire Dep't v. Beltway Surgery Ctr.*, 921 N.E.2d 825 (Ind. 2010). Because Wife presented no evidence at the contempt hearing that she received bi-weekly psychological treatment from the time the agreed entry was signed in March 2008 until November 2008, she is not entitled to the 2008 payment under the parties' agreed entry.

[17] Further, Husband is entitled to a $4,000 credit based on the April 15, 2008 payment because it was part of the contingent provision requiring Wife to

---

[6] The record reflects that Husband paid Wife $4,000 on April 15, 2008 but made no further payments to Wife in 2008 as agreed. Tr. p. 19.

provide verification of psychological treatment, which she failed to do.[7] On remand, the trial court should add an additional $96,000 credit to Husband's already recognized 2007 payment credit of $104,000. This amounts to a total credit of $200,000 to be applied toward the post-dissolution judgment against him in favor of Wife.

## Conclusion

The trial court did not err in entering a post-dissolution judgment in favor of Wife against Husband that included payment based upon the sale of the Schulley Road real estate. However, we conclude that the trial court erred in adding the 2008 payment based on Wife's lack of proof of the bi-weekly psychological treatment called for in the parties' agreed entry as a condition precedent to Husband's liability for those amounts. We therefore remand this case to the trial court for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Bailey, J., concurs.

Baker, J., concurs in part and dissents in part with opinion.

---

[7] The trial court credited Husband for this payment in its October 13, 2014, order. Appellant's Br. at 12.

# IN THE
# COURT OF APPEALS OF INDIANA

Robert J. Lunsford,

*Appellant-Defendant,*

v.

Laurie (Lunsford) Knight,

*Appellee-Plaintiff.*

Court of Appeals Case No.
29A02-1503-DR-198

**Baker, Judge, concurring in part and dissenting in part.**

I fully concur with the majority on the first issue regarding the Schulley Road real estate. I respectfully dissent, however, on the second issue. The 2008 agreed entry provides that Husband's 2008 $100,000 yearly obligation could have been satisfied by monthly payments of $4,000 and a final balance payment to be made at the end of the year. Wife, however, was only entitled to receive regular payments in this fashion if she provided proof that she was obtaining biweekly treatment by a psychologist. She did not provide this proof to Husband, nor did she provide any evidence to the trial court that she had received this treatment. As a result, Husband was not required to make the monthly payments of $4,000.

This conclusion does not, however, mean that he does not owe Wife $100,000 for 2008. It is apparent to me that the 2008 agreed entry modified the manner in which his obligation could be satisfied rather than modifying the obligation itself. In other words, nothing in the 2008 agreed entry changes the fact that he is required to pay Wife $100,000 per year for five years. As a result, I would affirm the trial court's order with respect to the balance owed by Husband for 2008. In all other respects, I concur with the majority.