## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2016, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mario Garcia
Christopher H. Weintraut
Brattain Minnix Garcia
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.V.,<br>*Appellant-Respondent,*<br><br>v.<br><br>Ja.V.,<br>*Appellee-Petitioner* | April 6, 2016<br><br>Court of Appeals Case No.<br>33A01-1511-DR-1921<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Special Judge<br><br>Trial Court Cause No.<br>33C02-1305-DR-125 |

**Crone, Judge.**

## Case Summary

[1] J.V. ("Mother") appeals the trial court's order granting Ja.V.'s ("Father's") petition to modify parenting time with respect to the parties' five minor

children. The sole issue presented for our review is whether the trial court abused its discretion in granting Father's petition to modify. Specifically, Mother contends that, in modifying Father's parenting time, the trial court failed to properly consider the best interests of the children. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] In October 2013, the trial court issued a decree dissolving Mother and Father's marriage. The decree provided that the parties would share joint legal custody of the five minor children with Mother being the primary physical custodian. The parties agreed that in lieu of Father paying child support to Mother, Mother would receive the entire monthly social security disability payment due for the children.[1] In November 2013, Father filed a motion for contempt against Mother regarding her interference with his parenting time, and in January 2014, Mother filed an emergency petition for supervised parenting time. Following a hearing on both motions, the trial court ordered the parties to attend a parenting workshop and also ordered Father to obtain a psychological assessment for anger issues. The trial court's order provided that Father would have supervised parenting time until further order of the court.

---

[1] We note that Mother has not provided this Court with a copy of the dissolution decree. The Chronological Case Summary provides the foregoing information regarding custody and child support; however, it makes no reference to the original order regarding parenting time.

[3]  In November 2014, Mother filed a petition for modification of child support. Then, in January 2015, Father served Mother with a petition to modify parenting time. In February 2015, Mother filed a petition for contempt based upon the allegation that Father "has moved between Tennessee and Indiana at least four times … without giving [Mother] proper notice …." Tr. at 7. The trial court held a hearing on all three petitions on July 24, 2015.[2] Father was represented by counsel at the hearing and Mother appeared pro se.

[4]  Regarding Father's petition to modify parenting time, Mother testified that she had no objection to having the requirement of supervised visitation removed. *Id.* at 11. Mother also stated that she did not object to the children spending more than half the summer with Father in Tennessee provided that they finish their spring baseball season. *Id.* at 15. Mother also agreed that the children could spend holidays with Father pursuant to the Indiana Parenting Time Guidelines. *Id.* at 11, 15. At the conclusion of the hearing, the trial court took the matter under advisement and subsequently issued the following amended order:[3]

> 1. The parties are the parents of five children, namely X.V., born July 20, 2001; M.V., born October 1, 2001, C.V., born May 14, 2003; L.V., born September 4, 2005; and

---

[2] It appears that although Father served Mother with his petition to modify parenting time, he did not file the document with the trial court. Both parties agreed in open court that the trial court could address and rule upon Father's request along with the other filed petitions.

[3] We note that the trial court's order refers to parties as "Petitioner" and "Respondent" and to the minor children by their full names. We use "Father" and "Mother" and the children's initials where appropriate.

S.V., born August 21, 2008.

2.     Father lives in Tennessee. The parties shall exchange the minor children for visitation at a half way point, which is the Shell Station off of I75 in Lexington Kentucky.

3.     Father shall have unsupervised parenting time with the minor children one week after they are released from school for summer break until one week before school begins. Father shall also be entitled to receive the children at all extended school breaks. However, Mother shall have the option to have either Spring Break or Fall Break if the parties can agree upon the time. All other holiday parenting time shall be by the Indiana Parenting Time Guidelines.

4.     Mother is receiving $154.00 per month per child for the younger four children for a total of $616 per month at this time. She also receives $705.00 per month for the minor child [X.V.] for a total of $1,321.00 per month, or $330.25 per week. This amount is substantially more than the $76 per week on the attached child support worksheet. Therefore, Father is not ordered to pay support to Mother.

5.     Due to the fact that according to the Indiana Child Support Worksheet Father is ordered to pay $76 per week, or $304.00 per month, and Mother receives $1,321.00 per month, Father is not ordered to pay support and Mother is ordered to pay Father the sum of $330.00 per week to Father for the transportation and care of the minor children while they are in his physical custody.

Appellant's App. at 12. This appeal ensued.

# Discussion and Decision

[5]    We begin by noting that Father has not filed an appellee's brief. In such circumstances, we do not undertake the burden of developing arguments for him. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). Instead, we

apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). However, we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Jenkins*, 17 N.E.3d at 352.

[6] Mother's appeal focuses solely on the trial court's modification of Father's parenting time. Specifically, she claims that, in modifying Father's parenting time, the trial court failed to properly consider the best interests of the children. "Modifications of child custody, parenting time, and child support are all reviewed for abuse of discretion. We grant latitude and deference to our trial judges in family law matters." *Miller v. Carpenter*, 965 N.E.2d 104, 108 (Ind. Ct. App. 2012) (citations omitted). We neither reweigh the evidence nor reassess witness credibility, but consider only the evidence most favorable to the trial court's judgment and the inferences flowing therefrom. *Id*. "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (citation omitted).

[7] We have long recognized that the right of parents to visit their children is a precious privilege that should be enjoyed by noncustodial parents. *Lasater v. Lasater*, 809 N.E.2d 380, 400-01 (Ind. Ct. App. 2004). Accordingly, a parent not granted custody of the child is entitled to reasonable parenting time rights.

Ind. Code § 31-17-4-1. Indiana Code Section 31-17-4-2 provides in relevant part that a "court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child." "In all visitation controversies, courts are required to give foremost consideration to the best interests of the child[ren]." *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 760 (Ind. Ct. App. 2013) (quoting *Marlow v. Marlow*, 702 N.E.2d 733, 735 (Ind. Ct. App. 1998), *trans. denied* (1999)). It is well settled that if the record reveals a rational basis supporting the trial court's determination, no abuse of discretion occurred. *Pennington v. Pennington*, 596 N.E.2d 305, 306 (Ind. Ct. App. 1992), *trans. denied*.

[8] Our review of the record reveals a rational basis supporting the trial court's modification of Father's parenting time. During the evidentiary hearing, Father requested that the children be permitted to spend more than fifty percent of the summer with him as well as holidays and school breaks. Father testified that he was willing to compromise and work with Mother regarding holiday schedules in the event that she wants to take a vacation or spend additional time with the children. In sum, Father simply requested that he "receive as much time as possible with the children[.]" Tr. at 19. From what we can discern from the record, Mother did not really disagree. At the time of the hearing, X.V. had just returned from spending virtually the whole summer with Father and the other children had spent a considerable portion of the summer with Father, at Mother's specific request. Mother stated that, going forward, she did not object to the children spending more than half of the summer with Father in

Tennessee as long as it does not interfere with the children's baseball season. Mother further agreed that Father should be given parenting time on holidays pursuant to the Indiana Parenting Time Guidelines. Due to the parties' basic agreement on these issues, the record supports a conclusion that modification of Father's parenting time would serve the best interests of the children.

[9] Mother's main complaint on appeal appears to be that the trial court failed to directly address the children's best interests in its order, and more specifically her concerns regarding Father's "lack of communication" and his inability "to co-parent their children in a cooperative manner." Appellant's Br. at 4, 8. However, the trial court heard the parties' testimony regarding their communication and co-parenting efforts thus far, and implicit in the trial court's order is the court's belief that the parties are equipped to work together to resolve any issues for the good of the children. We will not reweigh the evidence and we defer to the trial court's judgment in this regard.

[10] Mother has not established that the trial court's order modifying Father's parenting time constitutes an abuse of discretion or prima facie error. Accordingly, we affirm the trial court's order.

[11] Affirmed.

Najam, J., and Robb, J., concur.