## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 29 2020, 10:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William O. Harrington
Harrington Law, P.C.
Danville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob W. Stevenson, | July 29, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 20A-JP-101 |
| v. | Appeal from the Hendricks Superior Court |
| Jessica A. Matthews, | The Honorable Michael Joe Manning, Magistrate |
| *Appellee-Respondent* | Trial Court Cause No. 32D03-1804-JP-54 |

**Crone, Judge.**

## Case Summary

Jacob W. Stevenson (Father) appeals the trial court's denial of his petition for a temporary order restraining Jessica A. Matthews (Mother) from relocating from Indiana to Pennsylvania with the parties' minor son, J.S., until a hearing can be held on his objection to the proposed relocation. He claims that some of the trial court's findings of fact and conclusions thereon are clearly erroneous. We affirm the trial court's denial of Father's petition for a temporary order, but remand for further proceedings on the relocation issue.

## Facts and Procedural History

Mother and Father are the biological parents of J.S., born on December 26, 2016. Mother and Father were never married. At the time of J.S.'s birth, Mother lived in Indianapolis and Father lived in Danville.

Father filed a petition to establish paternity and a request for a temporary restraining order in April 2018. The petition included a verified statement from Father that "Mother has indicated to Father that she intends to move out of the State of Indiana with [J.S.] at the beginning of May." Appellant's App. Vol. 2 at 17. Accordingly, the petition to establish paternity included a request for a temporary order restraining Mother from relocating with J.S. while the matter was pending. On April 23, 2018, the trial court entered an order that Mother "shall not be allowed to move the parties' minor child from the State of Indiana until a hearing is held on said matter." *Id*. at 20. A hearing was scheduled for May 31, 2018.

[4]     Prior to the hearing, on May 17, 2018, Mother filed a notice of intent to relocate. Mother indicated in the notice that she intended to relocate with J.S. from Indiana to McDonald, Pennsylvania, "at the earliest possible date permissible under the statute." *Id.* at 22. Father filed his objection to Mother's proposed relocation on May 22, 2018.

[5]     After numerous continuances, followed by several months of the parties participating in alternative dispute resolution, on January 14, 2019, Mother and Father filed an agreed entry that was approved by the trial court the same day. The agreed entry provided that it represented "an amicable settlement of all disputes between [the parties] involving the custody, parenting time and support of, and all other issues on paternity matter[.]" *Id.* at 28. The agreement provided that the parties would share legal custody of J.S., that Mother should be considered the "custodial parent" pursuant to the Indiana Parenting Time Guidelines, that Father was granted parenting time in alternating weeks of Wednesday evening to Sunday evening, and that Father would pay Mother child support. *Id.* at 30. The agreement further provided that "Mother withdraws her Notice of Intent to Relocate filed on or about May 17, 2018. Each party agrees to notify the other if they plan on taking the child out of the State of Indiana." *Id.* at 31.

[6]     On November 11, 2019, Mother filed a petition to modify the agreed order and a second notice of intent to relocate stating that it was her intent to permanently relocate to Pennsylvania. Specifically, Mother stated that she was engaged to be married to a man who resides in Pennsylvania and due to give birth to their

child within a matter of weeks. Mother stated that she wished to relocate so that she, her fiancé, her new baby, and J.S., could all reside together. Mother further requested a modification of Father's parenting time and child support obligation "if the court finds it to be in J.S.'s best interests" following a relocation hearing. *Id.* at 36. The next day, Father filed his objection to Mother's proposed relocation and requested a temporary order restraining Mother from relocating until an evidentiary hearing could be held on the relocation issue. On November 15, 2019, the trial court set the matter for hearing "concerning [Father's] request for a temporary order restraining relocation pending hearing pursuant to Ind. Code 31-17-2.2-6." *Id.* at 43.

[7] The parties appeared for a hearing on November 27, 2019.[1] Thereafter, on December 3, 2019, the trial court entered its "Order Denying Request for Temporary Order Restraining Relocation." Specifically, the trial court found and concluded as follows:

1. For purposes of IC 31-17-2.2, "relocation" means a change in the primary residence of an individual for a period of at least sixty (60) days.

2. Mother filed a Notice of Intent to Relocate on May 17, 2018.

3. Mother moved her primary residence to McDonald[,] Pennsylvania[,] in May 2018.

---

[1] The trial court's order indicates that the hearing occurred on November 25; however, the chronological case summary and the transcript of the hearing both indicate that the hearing occurred on November 27. We presume that the trial court's order merely contains a typographical error.

4. Concerning custody and parenting time, Mother and Father reached an agreement and submitted to the Court an Agreed Entry approved by the Court on January 14, 2019.

5. Mother's November 11, 2019 Notice of Intent to Relocate was unnecessary as Mother had already relocated in May 2018 and Father's previous objection to that relocation was resolved by the January 2019 agreement.

6. The Court may only grant a temporary order restraining the relocation of the child or order the child to be returned to the nonrelocating parent if the Court makes the necessary findings required by I.C. 31-17-2.2-6(a).

7. Based on the facts and circumstances, the Court is unable to make the necessary findings required by I.C. 31-17-2.2-6(a).

Appealed Order at 1. Accordingly, the trial court ordered that "Father's request for temporary order restraining relocation of the child pending hearing is Denied. The Court sets the matter for hearing concerning Mother's Verified Petition to Modify Parenting Time and Child Support for February 25, 2019…." *Id.* Father subsequently filed a motion to correct error, which the trial court denied. Upon Father's motion pursuant to Indiana Trial Rule 54(B), and finding no just reason for delay, the trial court entered final judgment on its order denying Father's request for a temporary restraining order and stayed resolution of Mother's petition to modify pending this appeal. We will provide additional facts in our discussion where necessary.

## Discussion and Decision

[8] We begin by noting that Mother has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). Thus, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id*. at 351-52. This rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id*. at 352. In any event, we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id*.

[9] We must also observe at the outset that this is not an appeal from the trial court's order on Mother's request to relocate and Father's objection thereto. No evidentiary hearing has occurred on that issue. Rather, this is an appeal from the trial court's denial of Father's petition for a temporary order restraining relocation of the child pending an evidentiary hearing on the relocation issue. We find this distinction especially pertinent under the circumstances.[2]

---

[2] The trial court acknowledged and agreed with Father's attorney that the current hearing was not a "full-blown hearing on whether [Mother] gets to move or not" but was limited to Father's "request for temporary…order restraining relocation pending final hearing." Tr. Vol. 2 at 4-5.

[10]     In denying Father's petition for a temporary order restraining Mother from relocating, the trial court entered findings of fact and conclusions thereon following an evidentiary hearing. Accordingly, we review the court's judgment under our clearly erroneous standard. *E.g.*, *Salyer v. Washington Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020). We "neither reweigh evidence nor judge witness credibility." *R.L. v. Ind. Dep't of Child Servs. & Child Advocates, Inc.*, 144 N.E.3d 686, 689 (Ind. 2020). Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *T.R. v. E.R.*, 134 N.E.3d 409, 414 (Ind. Ct. App. 2019). A judgment is clearly erroneous if the court applied an incorrect legal standard to the facts. *Id.*

[11]     We agree with Father that some of the trial court's findings of fact are indeed unsupported by the evidence in the record. First, the trial court found that "Mother moved her primary residence to McDonald[,] Pennsylvania[,] in May 2018." Appealed Order at 1. However, during the hearing, Mother testified that she had not relocated to Pennsylvania. She stated that she maintained a full-time residence in Indiana until September 2018, and that although she had been spending considerable time with J.S. in Pennsylvania since May 2018, she still considered her principal residence to be on Heaton Avenue in Indianapolis. Similarly, Father described Mother as simply "spend[ing] … time in Pennsylvania," Tr. Vol. 2 at 7, and at no time has Father contended that Mother has already relocated with J.S. without court permission or in violation of the parties' January 2019 agreed entry. Mother testified that her second

notice of intent to relocate was just that: a notice of her future intent. She assured the court that she would not relocate permanently to Pennsylvania with J.S. unless and until the court allows her to do so following a relocation evidentiary hearing. *Id*. at 21. The trial court's contrary finding is unsupported by the evidence in the record.

[12] In finding number 5, the trial court made another unsupported finding, that then resulted in an erroneous conclusion. Specifically, the court found that "Father's previous objection to the relocation was resolved by the January 2019 agreement" and that therefore "Mother's [second] Notice of Intent to Relocate was unnecessary as Mother had already relocated in May 2018[.]" Appealed Order at 1. Contrary to this finding, Mother expressly withdrew her first request to relocate pursuant to the parties' January 2019 agreed entry. Nowhere in the agreement did Father withdraw his objection or consent to Mother's relocation out of state with J.S. and, in fact, the parties specifically agreed "to notify the other if they plan on taking the child out of the State of Indiana." Appellant's App. Vol. 2 at 31. Accordingly, the court's finding that Father had essentially consented to Mother's relocation with J.S. pursuant to the parties' agreement is contrary to the evidence. Moreover, the court's corresponding conclusion that Mother's second notice of intent to relocate was superfluous as a result of this nonexistent resolution of the relocation issue is erroneous.

[13] Still, even in light of these erroneous findings and conclusion, we cannot say that the trial court's ultimate decision was clearly erroneous. That is to say, we think that the trial court was within its discretion to deny Father's request for a

temporary restraining order pursuant to Indiana Code Section 31-17-2.2-6.
That section provides in relevant part,

> (a) If a nonrelocating parent files a motion under section 5(a)(3) of this chapter [motion requesting a temporary or permanent order to prevent the relocation of the child], the court, after notice and an opportunity to be heard or after compliance with Trial Rule 65(B), may grant a temporary order restraining the relocation of a child or order the child to be returned to the nonrelocating parent if the court finds:
>
> (1) that the notice required under section 3 of this chapter [notice of intent to move] was not served in a timely manner and the parties have not presented an agreement regarding the relocation of the child;
> (2) that the child has been relocated without:
>     (A) the appropriate notice;
>     (B) an agreement between the parties; or
>     (C) a court order; or
> (3) from an examination of the evidence presented at the temporary hearing, that there is a likelihood that, after a final hearing, the court will not approve the relocation of the child.

In other words, "*if*" the trial court makes the necessary findings pursuant to Section 31-17-2.2-6(a), the court "*may* grant a temporary order restraining the relocation of the child" until the matter can be presented at a final hearing. *Id*. (emphases added); *see* 14 J. ERIC SMITHBURN, INDIANA PRACTICE SERIES, FAMILY LAW § 8:14 (Nov. 2019 update) (noting that relocation statute authorizes trial court to conduct a "temporary hearing" and make other "temporary" orders in relocation cases). Here, the trial court concluded that, based upon the facts presented, it was "unable to make the necessary findings

required by I.C. 31-17-2.2-6(a)" and therefore declined to issue a temporary order restraining relocation. Appealed Order at 1. The ultimate decision regarding whether to grant a temporary order pursuant to Indiana Code Section 31-17-2.2-6(a) clearly rests within the discretion of the trial court. *See G.E. v. Indiana Dep't of Child Services*, 29 N.E.3d 769, 771 (Ind. Ct. App. 2015) (noting that word "shall" in a statute is construed as mandatory language creating a statutory right to a particular outcome after certain conditions are met, while term "may" ordinarily implies a permissive condition and a grant of discretion). Even in light of the foregoing erroneous findings, Father has not convinced us that we should second-guess the court's discretionary decision on this issue.[3]

[14] In sum, Father has not demonstrated that the trial court abused its discretion or clearly erred in denying his motion for a temporary order restraining relocation pursuant to Indiana Code Section 31-17-2.2-6. However, both parents are entitled to an evidentiary hearing and a ruling on Mother's second notice of intent to relocate and Father's objection thereto. Accordingly, we affirm the trial court's denial of the temporary restraining order, but remand for a full evidentiary hearing on the relocation issue along with Mother's currently pending petition to modify parenting time and child support filed

---

[3] Father makes no claim that Mother gave improper notice pursuant to Indiana Code Section 31-17-2.2-6(a)(1), and he further concedes that there would have been no evidentiary basis for the trial court to conclude that a temporary order restraining relocation was warranted under subsection (a)(2). To the extent that he suggests that the trial court should have found from the evidence presented "that there is a likelihood that, after a final hearing, the court will not approve the relocation of the child" under subsection (a)(3), we decline Father's invitation to reweigh the evidence, and we remind him that even "*if*" the trial court had made that finding, the trial court was still well within its discretion to deny the request for the temporary order restraining relocation.

simultaneously with her second notice of intent to relocate. During that hearing, the trial court shall consider the factors listed in Indiana Code Section 31-17-2.2-1(c) and determine whether Mother's proposed relocation is in the best interests of J.S. *See* Ind. Code § 31-17-2.2-5(e)-(f) (providing that "[t]he relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason" and "[i]f the relocating individual meets the burden of proof under subsection (e), the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child.").

Affirmed and remanded.

Bailey, J., and Altice, J., concur.