FILED

Jul 20 2023, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Martin A. Brown
Julia M Andrews
Bleeker, Brodey, & Andrews
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| H & S Financial, Inc., as assignee of Absolute Resolutions Corp. as assignee of C1 Professional Training Center, | July 20, 2023 |
| | Court of Appeals Case No. 23A-SC-154 |
| *Appellant-Defendant,* | Appeal from the Warren Township Small Claims Court of Marion County |
| v. | The Honorable Garland E. Graves, Judge |
| Donald Parnell, | Trial Court Cause No. 49K06-0301-SC-365 |
| *Appellee-Plaintiff.* | |

**Opinion by Judge Bailey**
Judges Tavitas and Kenworthy concur.

**Bailey, Judge.**

# Case Summary

H & S Financial, Inc. ("H & S"), purportedly the assignee of a judgment owned by Absolute Resolution Corporation,[1] as the assignee of C1 Professional Trucking Center ("C1 Center"), appeals the denial of its motion to correct error. The motion challenged an order of the Warren Township Small Claims Court, which precluded H & S from pursuing proceedings supplemental to enforce a 2003 small claims judgment obtained by C1 Center against Donald Parnell.

H & S articulates a single issue: whether Indiana law provides for a statute of limitations applicable to proceedings supplemental. Because H & S has not been substituted as a party and there has been no determination that H & S is a plaintiff owning the described judgment against the defendant, thus permitted by Indiana Trial Rule 69(E) to pursue proceedings supplemental, we dismiss the purported appeal.[2]

---

[1] In 1887, our Indiana Supreme Court described such debt: "A judgment is a 'debt of record,' and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the collection thereof could be enforced by execution issued thereon out of the proper court. The owner of a judgment may enforce its collection by the process of the court wherein it was rendered, or he may, if he so elect, use his judgment as a cause of action, and bring suit thereon in the same court, or any court of competent jurisdiction, and prosecute such suit to final judgment." *Becknell v. Becknell*, 110 Ind. 42, 10 N.E. 414, 416 (Ind. 1887) (citations omitted).

[2] Indiana Trial Rule 17 requires that "[e]very action shall be prosecuted in the name of the real party in interest." A real party in interest is the person who is the true owner of the right sought to be enforced. *Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (Ind. 1995). Trial Rule 25(C) provides for substitution of a party in some circumstances: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

## Facts and Procedural History

On February 13, 2003, C1 Center obtained a default judgment against Parnell, then identified as an Ohio resident,[3] in the amount of $1,010.16. Six days later, C1 Center initiated proceedings supplemental. The Chronological Case Summary includes no return of information upon garnishment inquiries after 2004.

On May 27, 2022, counsel for H & S filed an appearance and also filed an unverified "Motion to Plaintiff Change" [sic]. (App. Vol. II, pg. 7.) H & S attached to the motion two pages, each labeled "Bill of Sale and Assignment." *Id.* at 8-9. Facially, the documents indicate that – pursuant to California law – Driver Solutions, Inc. d/b/a C1 Professional Training Center assigned its judgment against Parnell to Absolute Resolutions Corporation on March 1, 2004, and the latter assigned its judgment to H & S one week later.[4]

On July 13, 2022, the small claims court conducted a hearing at which Parnell did not appear, but counsel for H & S appeared. Neither counsel nor the trial court directly addressed the "Motion to Plaintiff Change." H & S did not request that its motion be treated as a motion for substitution of a party; nor did H & S proffer testimony, affidavits, or an evidentiary exhibit. On the same day,

---

[3] Service upon Parnell was eventually made in the State of Florida.

[4] The latter of the documents bears what appears to be a California public notary stamp. The other bears a signature purporting to be that of an Indiana notary public but bears no notary stamp.

the small claims court issued an order captioned to reflect C1 Center as the Plaintiff. The order stated in pertinent part: "The statute of limitations to execute on the judgment would had [sic] expired on February 13, 2013." (July 13, 2022, Order at 1.) The order also stated – in error – that the motion before the court was one for leave to renew the judgment. Although the order did not directly address party substitution, it effectively precluded H & S from initiating proceedings supplemental against Parnell.

[6] H & S filed a motion to correct error, and a hearing was conducted on November 2, 2022. On December 23, the small claims court issued an order which characterized its July 13, 2022, ruling as an "order denying Plaintiff's request to substitute party, denying the Plaintiff's request for renewal of judgment, and denying the Plaintiff's request to file of [sic] a proceeding supplemental." (Appealed Order at 1.) In pertinent part, the order on motion to correct error provides:

> The Court finds that the Plaintiff's reliance on Indiana Code 34-11-2-12 is improper, because Indiana Code 34-11-2-12 applies to judgments issued by courts of record. On May 1, 2003, when this Court granted the judgment, the Warren Township Small Claims Court was not a court of record, therefore Indiana Code 34-11-2-12 does not apply to this cause of action. The statute of limitation to execute on the judgment would have expired on September 22, 2014, and the Plaintiff failed to renew the judgment prior to the expiration.
>
> The Court finds that the Plaintiff failed to present evidence of collection activities during the lapse of ten (10) years. The court finds that the judgment in this cause of action has expired.

> The Court finds that the Plaintiff filed a Motion for a Proceeding Supplemental under Indiana Trial Rule 69(E) for a judgment that was expired. Indiana Trial Rule 69(E) requires that the Plaintiff must have a judgment that is collectable. The Court denies the Plaintiff's Motion for Proceedings Supplemental because the judgment was not renewed pursuant to Indiana code 34-55-9-2.

(Appealed Order at 2.) H & S then initiated an appeal, captioning its brief to identify itself as the plaintiff-appellant, a successive assignee of C1 Center.

# Discussion and Decision

[7] At the outset, we observe that Parnell has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). As such, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id*. at 351-52. Nonetheless, we are obligated to correctly apply the law to the facts in order to determine whether reversal is required. *Id*. at 352.

[8] After a hearing at which H & S presented no evidence showing that it owned the judgment at issue, the trial court effectively denied H & S's motion by entering an order that still listed C1 Center as the named plaintiff. In this order, the trial court erred in stating that a statute of limitation expired ten years after the judgment was obtained. In the order denying the motion to correct error, the trial court again erroneously stated that the statute of limitations to execute

on the judgment had expired and noted that no party had renewed the judgment.

[9]     Indiana Code Section 34-55-9-2(2), referenced by the small claims court, provides that all final judgments for the recovery of money constitute a lien upon real estate and chattels real until the expiration of ten years after the judgment is issued.[5]   Judgment *liens* expire after ten years.  *Id.*  Prior to that, a judgment lien automatically attaches to the judgment debtor's real property located in the county where the judgment was entered or is subsequently filed. *See id*; *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 822 (Ind. Ct. App. 2005) (Mathias, J., concurring).  The *judgment* itself, however, is still valid, and proceedings supplemental are available to enforce the judgment, for another ten years.  *See Lewis*, 831 N.E.2d at 822.

[10]    After a period of twenty years, a judgment is presumed to be satisfied.  Indiana Code section 34-11-2-12 provides that "[e]very judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be

---

[5] Specifically, Indiana Code Section 34-55-9-2 provides:

> All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law:
>
> > (1)   after the time the judgment was entered and indexed; and
> >
> > (2)   until the expiration of ten (10) years after the rendition of the judgment;
>
> exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record.

considered satisfied after the expiration of twenty (20) years." We have long held, however, that this statue does not "destroy" a judgment twenty years after it was entered. *Lewis*, 831 N.E.2d at 818 (citing *Odell v. Green*, 121 N.E. 791 (Ind. Ct. App. 1919) (citing predecessor statute), *denying reh'g*). Instead, this statute merely creates a presumption that the judgment has been satisfied after a period of twenty years. *Id.* at 818-19. Thereafter, a judgment holder may still seek to satisfy a judgment. *Id.* The judgment debtor may then avail himself or herself "of the presumption of satisfaction of a judgment upon the passage of twenty years" by pleading the defense of payment. *Id.* Only if the judgment debtor has done so does the burden shift to the judgment holder to rebut this presumption. *See id*. Thus, the presumption that a judgment has been satisfied must be pleaded and, if so pleaded, may be rebutted. *Id.*

[11] Even though judgments do not expire, i.e., are not destroyed, by the passage of twenty years, "most sophisticated judgment creditors," will '"renew' their judgments shortly before the expiration of the first (and each successive) decade after judgment." *Id.* at 822 (Mathias, J., concurring). Such renewals "may take place *ad infinitum*." *Id.*

[12] C1 Center did not renew its judgment and did not seek leave of court to execute the judgment against Parnell's real estate. H & S did not renew the judgment it claims to now own. Instead, shortly less than twenty years after the judgment was entered, H & S attempted to insert itself into the present case by, inartfully, filing a "Motion to Plaintiff Change." (App. Vol. II, pg. 7.)

[13] That said, H & S contends that the relevant issue is not whether a judgment lien on real property or chattels real expired pursuant to Indiana Code Section 34-55-9-2, but whether the holder of an equitable lien may conduct proceedings supplemental unrestricted by a statute of limitations. H & S directs our attention to the majority decision of *Lewis*, an appeal from the denial of a motion to invalidate an execution of judgment and rescind a garnishment order issued in 2004 to enforce a 1982 judgment. According to H & S, "the *Lewis* holding is clear that there was no statute of limitations that tolled [sic] [H & S]'s ability to file for proceedings supplemental." Appellant's Brief at 3.

[14] The *Lewis* Court examined Indiana Code Section 34-55-1-2, entitled "Issuance after lapse of ten years," which provides that, after the lapse of ten years after the entry of judgment or issuance of an execution, an execution can be issued only on leave of court. The Court determined that the foregoing was "inapplicable to proceedings supplemental." 831 N.E.2d at 820. Also, Indiana Code Section 34-11-2-11 then provided in relevant part that an action upon judgments of courts of record must be commenced within ten years after the cause of action accrued. The *Lewis* Court held: "Because proceedings supplemental are a *continuation* of the original action, rather than an 'action' on a judgment of a court of record, they are not subject to the ten-year statute of limitations within Indiana Code Section 34-11-2-11." *Id* at 821 (emphasis in original.) The validity of the underlying judgment has already been determined; accordingly, proceedings supplemental may progress without a showing that execution has commenced or would be unavailing. *Id.* at 817.

[15] Although the *Lewis* decision supports the statute-of-limitations argument advanced by H & S, we must observe that, in *Lewis*, proceedings supplemental were initiated by the judgment owner. Even if proceedings supplemental are chronologically available, they must be initiated by a judgment owner entitled to enforcement. Indiana Trial Rule 69(E) provides that "proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered" alleging that "the plaintiff owns the described judgment against the defendant" and that the "plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment[.]" Here, in contrast to *Lewis*, plaintiff C1 Center was not pursuing proceedings supplemental.

[16] H & S purports to own the judgment granted to C1 Center. But H & S filed no verified motion or affidavit to satisfy the requirements of Rule 69(E). To the extent that the small claims court addressed the "Motion to Plaintiff Change" as a motion for party substitution, the court clarified in its order on motion to correct error that it had, in effect, denied such a motion. At the hearings, H & S produced no affidavit, evidentiary exhibit, or sponsoring testimony. H & S has not specifically argued that the small claims court erroneously denied a motion for substitution; rather, H & S suggests that the small claims court acquiesced to an informal substitution by stating, in the hearing on motion to correct error, that it "understood" there had been assignment or "changing hands." (Tr. Vol. II, pg. 9.) But there is no order for party substitution. H & S is not a plaintiff. There has been no determination that H & S met the requirements of Trial Rule

69(E), and, on this record, such a determination could not be made. We can afford to H & S – a non-party – no relief.

## Conclusion

H & S is not a party of record nor did H & S show entitlement, as "a plaintiff owning the described judgment against the defendant," Trial Rule 69(E), to conduct proceedings supplemental to enforce a judgment against Parnell.

Dismissed.

Tavitas, J., and Kenworthy, J., concur.