

FILED

Dec 17 2020, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Emmanuel Torres, et al.,<br>*Appellees-Defendants.* | December 17, 2020<br><br>Court of Appeals Case No.<br>20A-CR-943<br><br>Appeal from the Clinton Superior Court<br><br>The Honorable Donald E. Currie, Senior Judge<br><br>Trial Court Cause Nos.<br>12D01-1905-CM-624<br>12D01-1901-CM-79 |

**Bradford, Chief Judge.**

# Case Summary

[1] Ramon Sanchez and Emmanuel Torres, in separate incidents, were stopped for failing to use their turn signals for at least 200 feet before turning at a stop sign, a traffic violation. Sanchez's and Torres's cases have been consolidated on appeal. Sanchez and Torres both filed motions to suppress the evidence obtained after the stops of their vehicles, which were granted because the trial court concluded in each case that compliance with the relevant statute was impossible. Because we disagree with the trial court's reasoning, we reverse and remand for further proceedings.

## Facts and Procedural History

[2] On January 18, 2019, Officer Kaleb Thompson of the Frankfort Police Department was behind Sanchez's vehicle when he observed Sanchez come to a complete stop at a posted stop sign on John Street, activate his turn signal, and turn left. Officer Thompson continued to watch as Sanchez traveled another city block, stopped at another stop sign, activated his turn signal once stopped, and made a turn. Officer Thompson believed that this constituted a traffic violation, so he stopped Sanchez. Upon making contact with Sanchez, Officer Thompson learned that Sanchez's license was suspended. The State charged Sanchez with Class A misdemeanor driving while suspended and Class C misdemeanor operating a motor vehicle without ever receiving a license.

[3] On May 30, 2019, Officer Thompson observed Torres come to a complete stop at a stop sign on East Meridian Street, activate his left turn signal, and turn onto

Columbia Street. Officer Thompson believed he had observed a traffic violation, so he initiated a traffic stop. After initiating contact with Torres, Officer Thompson learned that Torres had never received a driver's license. The State charged Torres with Class A misdemeanor operating a motor vehicle without ever receiving a license.

[4] On August 8, 2019, and August 15, 2019, respectively, Sanchez and Torres filed motions to suppress the evidence obtained following the stops of their vehicles. Both defendants alleged that they had not violated Indiana Code Section 9-21-8-24 because their failure to signal had not affected any pedestrians or other motorists and that the stops were pretextual. On January 28, 2020, the trial court determined that Sanchez and Torres had complied with Indiana Code Section 9-21-8-24[1], but were in violation of Indiana Code Section 9-21-8-25, for failing to signal their intention to turn at least 200 feet in advance of their turns. The trial court, however, further determined that "in many circumstances within a normal city block it is impossible to comply" with the requirements found in Indiana Code Section 9-21-8-25 because some of the city blocks were

---

[1] Indiana Code Section 9-21-8-24 states:

> "A person may not: (1) slow down or stop a vehicle; (2) turn a vehicle from a direct course upon a highway; or (3) change from one (1) traffic lane to another; unless the movement can be made with reasonable safety. Before making a movement described in this section, a person shall give a clearly audible signal by sounding the horn if any pedestrian may be affected by the movement and give an appropriate stop or turn signal in the manner provided in sections 27 through 28 of this chapter if any other vehicle may be affected by the movement.

less than 200 feet, and granted Torres's and Sanchez's motion to suppress the evidence obtained as a result of the stops. Appellant's App. Vol. II, 22-25.

## Discussion and Decision

It should be noted that neither Torres or Sanchez have filed briefs, and therefore we will not undertake the burden of developing appellee's arguments[.]" *Jenkins v. Jenkins*, 17 N.E.3d 350 (Ind. Ct. App. 2014). "Instead, we apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error 'at first sight, on first appearance, or on the face of it.'" *Mullett v. Baker*, 120 N.E.3d 630 (Ind. Ct. App. 2019) (quoting *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006)). However, this standard still obligates us to correctly apply the law to the facts in the record. *Jenkins,* 17 N.E.3d at 352.

"We review a trial court's decision to grant a motion to suppress as a matter of sufficiency." *State v. Owens*, 992 N.E.2d 939, 942 (2013) (citing *State v. Moriarity,* 832 N.E.2d 555, 557–58 (Ind. Ct. App. 2005)). "The State, appealing from a negative judgment, must show that the trial court's ruling on the suppression motion was contrary to law." *State v. Washington*, 898 N.E.2d 1200, 1203 (Ind. 2008).

The Fourth Amendment generally prohibits a warrantless search or seizure unless a valid exception to the warrant requirement exists. *Sanders v. State¸* 989

N.E.2d 332, 335 (Ind. 2013). A, "traffic violation, however minor, creates probable cause to stop the driver of the vehicle." *State v. Quirk*, 842 N.E.2d 334, 340 (Ind. 2006). Further, "a police officer may briefly detain a person whom the officer believes has committed an infraction or ordinance violation." *Croom v. State*, 996 N.E.2d 436, 441 (Ind. Ct. App. 2013) (citing *State v. Lynch*, 961 N.E.2d 534, 536 (Ind. Ct. App. 2012)). A limited search following a traffic stop based on an officer's belief that traffic violation has occurred will be upheld, even when the belief is objectively wrong, so long as the belief is reasonable. *See Sanders v. State*, 989 N.E.2d 332, 336 (Ind. 2013) (concluding there was probable cause for a stop when an officer, who stopped a vehicle based on a suspected window tint violation, had a reasonable belief that the window-tint statute was violated, even though he was wrong). Here, the traffic violations in question were violations of Indiana Code Section 9-21-8-25, which states "[a] signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes." Indiana Code Section also has "no restrictions that it only applies in certain situations or on certain roadways." *Datzek v. State*, 838 N.E.2d 1149, 1155 (Ind. Ct. App. 2005).

[8] In granting Torres's and Sanchez's motions to suppress, the trial court stated:

> [a] strict reading of [Indiana Code Section 9-21-8-25] would prohibit any turn at the intersection. Additionally, many city blocks or alleyways are less than 200 feet between stopped intersections. A strict reading of the statute would in many

instances require a motorist to activate his turn signal well before arriving at an intersection, stop, then proceed through the intersection straight, despite his turn signals being activated either right or left for what might be the next block.

Appellant's App. Vol. II, 22–25. However, the trial court's focus was misplaced. Whether or not compliance with Indiana Code Section 9-21-8-25 was possible for Sanchez and Torres under the circumstances, their failure to signal a turn until they reached a stop sign was certainly enough for Officer Thompson to establish a reasonable belief that Indiana Code Section 9-21-8-25 had been violated, and that is all that is required.

[9] The judgment of the trial court is reversed, and we remand for further proceedings.

Najam, J., concurs.

Mathias, J., concurs with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,
*Appellant-Plaintiff,*
     v.
Emmanuel Torres, et al.,
*Appellees-Defendants.*

Court of Appeals Case No.
20A-CR-943

**Mathias, Judge, concurring.**

1.     With all due respect to my colleagues and friends on this panel, I concur only because I must—under the facts presented, the law, and the wording of the appealed order.

2.     Yet it is quite clear that the trial judge was as frustrated as I am to be required to apply a statute that authorizes a traffic stop on any city street if the driver does not continuously signal for at least 200 feet before turning or changing lanes. Ind. Code § 9-21-8-25. Here, each defendant was driving on a city block approximately 500 feet in length. They were not speeding or driving erratically. They came to a complete stop before turning. And they activated their turn signals prior to turning. But, because neither driver activated their turn signals "continuously during not less than the last two hundred (200) feet" before turning, I.C. § 9-21-8-25, the officer—the same in each case—technically executed a legal traffic stop.

3.     Anyone who has ever operated a motor vehicle observes multiple violations of this statute each and every day. In many instances, as the trial court observed, compliance is impossible "within a normal city block." Appellant's App. p. 22. Whether cited as justification to stop a vehicle exiting a roundabout, *State v. Davis*, 143 N.E.3d 343, 346–47 (Ind. Ct. App. 2020), or a vehicle turning from a city street into a parking lot, *State v Rhodes*, 950 N.E.2d 1261, 1264–65 (Ind. Ct. App. 2011), this precise statute appears to be employed often to make arbitrary traffic stops.

4.	I respectfully request that our General Assembly review Section 9-21-8-25 and the traffic code in general to correct statutes where conforming conduct is often impossible. All Hoosiers will appreciate and benefit from a traffic code that reduces the opportunity for arbitrary enforcement.